# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  **Robert Leonard Hairston, II**  
**Alethea Renee Hairston**     Case No:

This plan, dated **November 3, 2014**, is:

    ☒  the *first* Chapter 13 plan filed in this case.  
    ☐  a modified Plan, which replaces the  
        ☐ confirmed or ☐ unconfirmed Plan dated .

    Date and Time of <u>Modified Plan</u> Confirming Hearing:

    Place of <u>Modified Plan</u> Confirmation Hearing:

    The Plan provisions modified by this filing are:

    Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$134,815.64**  
    Total Non-Priority Unsecured Debt: **$94,421.00**  
    Total Priority Debt: **$0.00**  
    Total Secured Debt: **$101,814.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$450.00 Monthly for 60 months via WDO in the amount of $207.69 every two weeks beginning in Nov. 2014**. Other payments to the Trustee are as follows: **NONE**. The total amount to be paid into the plan is $ **27,000.00**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

      1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $ **2,700.00** balance due of the total fee of $ **3,300.00** concurrently with or prior to the payments to remaining creditors. Includes filing fees, credit reports and credit counseling/debtor education and the costs of mailing and copying through confirmation. Per the fee agreement, is for representation to confirmation. Per fee agreement, counsel charges $50 per creditor amendment to be paid directly by debtors if such amendment necessary.

    B. **Claims under 11 U.S.C. §507.**
       The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Martinsville City Treasurer** | **4BR/2.5BA Vinyl-Sided Home located at 721 Indian Trail, Martinsville, VA 24112** | **12/13-6/14** | **1,326.00** | **20,848.00** |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                                    Best Case Bankruptcy

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Teressia C. Hairston** | **2000 Pontiac Sunfire (not tagged or insured)** | **218.00** | **0.00** |

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Express Check Advance VA, LLC** | **2004 GMC Envoy XL 4x4 195,000 miles NADA clean trade -in value** | **90.21** | Trustee |
| **Schewel Furniture Company** | **Refrigerator, Stove** | **90.90** | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Express Check Advance VA, LLC** | **2004 GMC Envoy XL 4x4 195,000 miles NADA clean trade -in value** | **3,010.00** | **5%** | **90.21 36 months Trustee is authorized to accelerate payment to secured creditors after payment of legal fees.** |
| **Martinsville City Treasurer** | **4BR/2.5BA Vinyl-Sided Home located at 721 Indian Trail, Martinsville, VA 24112** | **1,326.00** | **8%** | **41.55 36 months Trustee is authorized to accelerate payment to secured creditors after payment of legal fees.** |

Page 3of 6

    **E.**    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __11__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __5__ %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Martinsville DuPont Credit Union** | **4BR/2.5BA Vinyl-Sided Home located at 721 Indian Trail, Martinsville, VA 24112** | **616.00**<br>Payments to resume Dec. 1, 2014 | **3,000.00** | **0%** | **18 months** | **Prorata** |

    **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.**     **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**     **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    **B.**     **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.**     **Liens Which Debtor(s) Seek to Avoid.**

    **A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**     **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**     **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**     **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**     **Other provisions of this plan:**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                                 Best Case Bankruptcy

A. ATTORNEYS FEES

Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the trustee contemporaneously with scheduled debts under Paragraph 3, unless expressly noted to be paid differently. A flat fee of $50 is charged for creditor amendments to cover filing fee, mailing and cost of preparation and shall be paid directly to counsel.

B. AUTO DRAFT OF ANY DIRECT PAYMENTS BY DEBTOR AND POST-PETITION STATEMENTS

Any bank or financial institution or lender to which the debtor has previously consented to auto draft payments from his or her bank account, is expressly authorized to keep such auto-draft in place and to deduct post-petition payments from the debtor's bank account. Such a deduction will not be viewed as a violation of the automatic stay.

The automatic stay is modified to permit the noteholder or servicing agent on any secured debts being paid by the debtors to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

**Signatures:**

**Dated:** November 3, 2014

| | |
|---|---|
| **/s/ Robert Leonard Hairston, II** | **/s/ Malissa Giles; Tracy Giles; Kimberly Bandy** |
| **Robert Leonard Hairston, II** | **Malissa Giles; Tracy Giles; Kimberly Bandy** |
| **Debtor** | **Debtor's Attorney** |

**/s/ Alethea Renee Hairston**
**Alethea Renee Hairston**
**Joint Debtor**

**Exhibits:**       Copy of Debtor(s)' Budget (Schedules I and J);
                   Matrix of Parties Served with Plan

Certificate of Service

I certify that on   November 3, 2014  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Malissa Giles; Tracy Giles; Kimberly Bandy**
**Malissa Giles; Tracy Giles; Kimberly Bandy**
Signature

**129 E. Campbell Ave., Suite 300**
**PO Box 2780**
**Roanoke, VA 24001**
Address

**540-981-9000**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Robert Leonard Hairston, II** |
| Debtor 2 (Spouse, if filing) | **Alethea Renee Hairston** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF VIRGINIA |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

# Official Form B 6I
## Schedule I: Your Income

**12/13**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | **Correctional Officer** | **Teacher's Aide** |
| Employer's name | **Green Rock Correctional Center** | **Pittsylvania. Co. Community Action** |
| Employer's address | **475 Green Rock Lane**<br>**Chatham, VA 24531** | **P.O. Box 1119**<br>**Chatham, VA 24531** |
| How long employed there? | **2011 to present** | **Aug. 18, 2014 to present** |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ **2,634.08** | $ **1,203.89** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ **2,634.08** | $ **1,203.89** |

Official Form B 6I    **Schedule I: Your Income**    page 1

Debtor 1 **Robert Leonard Hairston, II**
Debtor 2 **Alethea Renee Hairston**                                                                       Case number (*if known*)

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| | **Copy line 4 here** ............................................................................................ 4. | $ **2,634.08** | $ **1,203.89** |

5. **List all payroll deductions:**

    | | | | |
    |---|---|---|---|
    | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ **337.60** | $ **149.15** |
    | 5b. **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **0.00** |
    | 5c. **Voluntary contributions for retirement plans** | 5c. | $ **131.70** | $ **0.00** |
    | 5d. **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **0.00** |
    | 5e. **Insurance** | 5e. | $ **318.36** | $ **0.00** |
    | 5f. **Domestic support obligations** | 5f. | $ **0.00** | $ **0.00** |
    | 5g. **Union dues** | 5g. | $ **0.00** | $ **0.00** |
    | 5h. **Other deductions.** Specify: **Deferred Comp** | 5h.+ | $ **40.00** + | $ **0.00** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ **827.66**    $ **149.15**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ **1,806.42**    $ **1,054.74**

8. **List all other income regularly received:**

    8a. **Net income from rental property and from operating a business, profession, or farm**
    Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $ **0.00**    $ **0.00**

    8b. **Interest and dividends**    8b.    $ **0.00**    $ **0.00**

    8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
    Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $ **0.00**    $ **0.00**

    8d. **Unemployment compensation**    8d.    $ **0.00**    $ **0.00**

    8e. **Social Security**    8e.    $ **0.00**    $ **0.00**

    8f. **Other government assistance that you regularly receive**
    Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
    Specify:    8f.    $ **0.00**    $ **0.00**

    8g. **Pension or retirement income**    8g.    $ **0.00**    $ **0.00**

    8h. **Other monthly income.** Specify: **1/12th Income Tax Refund**    8h.+    $ **217.83** +    $ **388.50**

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ **217.83**    $ **388.50**

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ **2,024.25** + $ **1,443.24** = $ **3,467.49**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify:                                                                                                                           11.    +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ **3,467.49**

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain:

Official Form B 6I                                **Schedule I: Your Income**                                    page 2

Fill in this information to identify your case:

Debtor 1  **Robert Leonard Hairston, II**

Debtor 2  **Alethea Renee Hairston**
(Spouse, if filing)

United States Bankruptcy Court for the:  WESTERN DISTRICT OF VIRGINIA

Case number
(If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 expenses as of the following date:

  MM / DD / YYYY

- ☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                                   12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ■ Yes. **Does Debtor 2 live in a separate household?**

   ■ No
   ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?** ☐ No

   Do not list Debtor 1 and Debtor 2.   ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 16 | ☐ No  ■ Yes |
| Daughter | 21 | ☐ No  ■ Yes |
|  |  | ☐ No  ☐ Yes |
|  |  | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ■ No
   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)**

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.     4. $ **616.00**

   **If not included in line 4:**

   4a. Real estate taxes                                      4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance           4b. $ **52.50**
   4c. Home maintenance, repair, and upkeep expenses          4c. $ **0.00**
   4d. Homeowner's association or condominium dues            4d. $ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ **0.00**

Debtor 1 **Robert Leonard Hairston, II**
Debtor 2 **Alethea Renee Hairston**    Case number (if known)

6. **Utilities:**
   6a. Electricity, heat, natural gas   6a. $ **275.00**
   6b. Water, sewer, garbage collection   6b. $ **16.00**
   6c. Telephone, cell phone, Internet, satellite, and cable services   6c. $ **264.00**
   6d. Other. Specify:   6d. $ **0.00**
7. **Food and housekeeping supplies**   7. $ **600.00**
8. **Childcare and children's education costs**   8. $ **25.00**
9. **Clothing, laundry, and dry cleaning**   9. $ **50.00**
10. **Personal care products and services**   10. $ **100.00**
11. **Medical and dental expenses**   11. $ **100.00**
12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.   12. $ **450.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books**   13. $ **0.00**
14. **Charitable contributions and religious donations**   14. $ **0.00**
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a. Life insurance   15a. $ **0.00**
    15b. Health insurance   15b. $ **0.00**
    15c. Vehicle insurance   15c. $ **200.00**
    15d. Other insurance. Specify:   15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: **Real Estate Taxes**   16. $ **114.00**
17. **Installment or lease payments:**
    17a. Car payments for Vehicle 1   17a. $ **0.00**
    17b. Car payments for Vehicle 2   17b. $ **0.00**
    17c. Other. Specify:   17c. $ **0.00**
    17d. Other. Specify:   17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 6I).**   18. $ **0.00**
19. **Other payments you make to support others who do not live with you.**
    Specify:   19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*
    20a. Mortgages on other property   20a. $ **0.00**
    20b. Real estate taxes   20b. $ **0.00**
    20c. Property, homeowner's, or renter's insurance   20c. $ **0.00**
    20d. Maintenance, repair, and upkeep expenses   20d. $ **0.00**
    20e. Homeowner's association or condominium dues   20e. $ **0.00**
21. **Other:** Specify: **Education necessary to maintain employment**   21. +$ **145.00**

22. **Your monthly expenses.** Add lines 4 through 21.   22. $ **3,007.50**
    The result is your monthly expenses.
23. **Calculate your monthly net income.**
    23a. Copy line 12 *(your combined monthly income)* from Schedule I.   23a. $ **3,467.49**
    23b. Copy your monthly expenses from line 22 above.   23b. -$ **3,007.50**

    23c. Subtract your monthly expenses from your monthly income.
    The result is your *monthly net income*.   23c. $ **459.99**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.
    Explain:

Hairston, II, Robert and Alethea -

AES STUDENT LOAN
RE: PHEAA SERVICING CENTER
PO BOX 2461
HARRISBURG, PA 17105

AMCA
2269 S SAW MILL
ELMSFORD, NY 10523

APOGEE MEDICAL GROUP
PO BOX 708910
SANDY, UT 84070-8910

ARS ACCOUNT RESOLUTION
1801 NW 66TH AVE STE 200
PLANTATION, FL 33313

ASTHMA AND ALLERGY CENTER
1505 FRANKLIN ROAD SW
ROANOKE, VA 24016-5206

BANK OF AMERICA
C/O LTD FINANCIAL SERVICES
7322 SOUTHWEST FREEWAY, SUITE 1600
HOUSTON, TX 77074

BARCLAY TOWERS TIME SHARE
C/O M. RICHARD EPPS, ESQ.
605 LYNNHAVEN PARKWAY, SUITE 200
VIRGINIA BEACH, VA 23452

CAPIO PARTNERS LLC
2222 TEXOMA PARKWAY
SUITE 160
SHERMAN, TX 75090

CAPITAL ONE BANK
ATTN: BANKRUPTCY DEPT.
PO BOX 30285
SALT LAKE CITY, UT 84130

CENTURY LINK
PO BOX 1319
CHARLOTTE, NC 28201-1319

Hairston, II, Robert and Alethea -

CREDIT COLL
PO BOX 9136
NEEDHAM, MA 02494

CREDIT COLLECTIONS SVC
PO BOX 773
NEEDHAM, MA 02494

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS, NV 89193

DEPT OF EDUCATION/NELN
121 S 13TH STREET
LINCOLN, NE 68508

EMERGENCY COVERAGE CORP.
PO BOX 740023
CINCINNATI, OH 45274-0023

EXPRESS CHECK ADVANCE VA, LLC
2618 VIRGINIA AVENUE
COLLINSVILLE, VA 24078

FATADE HEALTH & MEDICAL CENTER
1 EAST MARKET STREET
MARTINSVILLE, VA 24112

GEMB/WALMART
ATTN: BANKRUPTCY
PO BOX 103104
ROSWELL, GA 30076

GM FINANCIAL
PO BOX 181145
ARLINGTON, TX 76096

GREENSBORO RADIOLOGY
C/O SCA COLLECTIONS INC
PO BOX 876
GREENVILLE, NC 27835

GREENSBORO RADIOLOGY
PO BOX 63054
CHARLOTTE, NC 28263-3054

Hairston, II, Robert and Alethea -

IC SYSTEM
ATTN: BANKRUPTCY
444 HIGHWAY 96 EAST; PO BOX 64378
ST. PAUL, MN 55164

JNR ADJUSTMENT COMPANY
PO BOX 27070
MINNEAPOLIS, MN 55427

LAB CORP
PO BOX 2240
BURLINGTON, NC 27216

MARTINSVILLE CITY
PO BOX 1112
MARTINSVILLE, VA 24112

MARTINSVILLE CITY TREASURER
P.O. BOX 1023
MARTINSVILLE, VA 24114-1023

MARTINSVILLE DUPONT CREDIT UNION
PO BOX 2158
MARTINSVILLE, VA 24113

MARTINSVILLE ENT
PO BOX 4788
MARTINSVILLE, VA 24112

MARTINSVILLE OTOLARYNGOLOGY
445 E. COMMONWEALTH BLVD.
MARTINSVILLE, VA 24112

MEMORIAL HOSPITAL OF MARTINSVILLE
PO BOX 4788
MARTINSVILLE, VA 24115

MEMORIAL HOSPITAL OF MARTINSVILLE
C/O NPAS SOLUTIONS, INC.
PO BOX 2248
MARYLAND HEIGHTS, MO 63043-1048

MOSES CONE MEMORIAL HOSPITAL
PO BOX 742879
ATLANTA, GA 30374-2879

Hairston, II, Robert and Alethea -

MRC RECEIVABLES CORP.
C/O DOMINION LAW ASSOCIATES
222 CENTRAL PARK AVE., SUITE 210
VIRGINIA BEACH, VA 23462


NATIONAL AUTO FINANCE
200 RENAISSANCE CTR
DETROIT, MI 48243


NATIONAL GENERAL INSURANCE
C/O FIRST POINT COLLECTION RESOURCE
PO BOX 26140
GREENSBORO, NC 27402-6140


PIED CREDIT & COLLECTION
PO BOX 1596
DANVILLE, VA 24543


PIEDMONT EAR NOSE & THROAT
110 CHARLOIS BLVD
WINSTON SALEM, NC 27103-1522


PMAB SRVC
5970 FAIRVIEW RD
CHARLOTTE, NC 28210


ROBIN P. FERGUSON
737 CORN TASSEL TRAIL
MARTINSVILLE, VA 24112


SALLIE MAE
ATTN: CLAIMS DEPARTMENT
PO BOX 9500
WILKES-BARRE, PA 18773


SCHEWEL FURNITURE COMPANY
101 PINEY FOREST ROAD
DANVILLE, VA 24543


SPRINT
C/O WEST ASSET MANAGEMENT
2703 N HIGHWAY 75
SHERMAN, TX 75090

Hairston, II, Robert and Alethea -

SPRINT
C/O AFNI, INC.
PO BOX 3517
BLOOMINGTON, IL 61702-3517

TERESSIA C. HAIRSTON
114 PARADISE HILLS
MARTINSVILLE, VA 24112

UNITED CONSUMER FINANCIAL SERVICES
865 BASSETT RD
WESTLAKE, OH 44145

UNIVERSITY OF PHOENIX
4025 S RIVERPOINT PARKWAY
PHOENIX, AZ 85040

VANGUARD FINANCIAL SER
210 BROOKS ST SUIT
CHARLESTON, WV 25301

VANGUARD FINANCIAL SERVICES INC
PO BOX 633885
CINCINNATI, OH 45263-3885

VERIZON
500 TECHNOLOGY DR
STE 550
WELDON SPRING, MO 63304

WAKE FOREST UNIVERSITY HEALTH SERVI
PO BOX 320
WINSTON SALEM, NC 27102

WEST ASSET MANAGEMENT
2703 N HIGHWAY 75
SHERMAN, TX 75090

WEST GATE RESORT
4000 WESTGATE BLVD
KISSIMMEE, FL 34747